```
             IN THE UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF KANSAS
```

**JASON HARVEY SANFORD,**

                            **Plaintiff,**

        v.                                      CASE NO. 18-3227-SAC

**FINNEY COUNTY, et al.,**

                            **Defendants, et al.,**

## ORDER TO SHOW CAUSE

This matter is a civil rights action filed under 42 U.S.C. § 1983. Plaintiff commenced this action while held at the Finney County Jail, Garden City, Kansas. He proceeds pro se and in forma pauperis.

### Nature of the complaint

At the time of the incident, plaintiff was a convicted prisoner who was waiting for a bus from the Kansas Department of Corrections. Plaintiff claims when he refused an order to lockdown, a sergeant directed another officer to deploy pepper spray. However, when that officer hesitated, the sergeant used a taser on plaintiff for a few seconds. Plaintiff then agreed to lockdown.

Plaintiff acknowledges he was noncompliant with an order but states he was not behaving in a threatening manner and was speaking calmly. He claims this use of force violated his right to be free from cruel and unusual punishment.

### Screening standards

A federal court must conduct a preliminary review of any case in which a prisoner seeks relief against a governmental entity or an officer or employee of such an entity. *See* 28 U.S.C. §1915A(a).

Following this review, the court must dismiss any portion of the complaint that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from that relief. *See* 28 U.S.C. § 1915A(b).

In screening, a court liberally construes pleadings filed by a party proceeding pro se and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

"To state a claim for relief under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988)(citations omitted).

To avoid a dismissal for failure to state a claim, a complaint must set out factual allegations that "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The court accepts the well-pleaded allegations in the complaint as true and construes them in the light most favorable to the plaintiff. *Id*. However, "when the allegations in a complaint, however true, could not raise a [plausible] claim of entitlement to relief," the matter should be dismissed. *Id*. at 558. A court need not accept "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Rather, "to state a claim in federal court, a complaint must explain what each defendant did to [the pro se plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E.*

*Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

The Tenth Circuit has observed that the U.S. Supreme Court's decisions in *Twombly* and *Erickson* set out a new standard of review for dismissals under 28 U.S.C. § 1915(e)(2)(B)(ii). *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007)(citations omitted). Following those decisions, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (quotation marks and internal citations omitted). A plaintiff "must nudge his claims across the line from conceivable to plausible." *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). In this context, "plausible" refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [the] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008)(citing *Twombly,* 550 U.S. at 1974).

### Analysis

The Court has conducted an initial review of the complaint and finds the following deficiencies.

First, the Finney County Jail is not a proper defendant in this action. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). As a governmental sub-unit, a prison or jail cannot sue or be sued because such an entity is not a "person" subject to suit for monetary damages under § 1983. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 66, 71 (1989). Therefore, such a

defendant is subject to dismissal. *See Hinton v. Dennis*, 362 F. App'x 904, 907 (10th Cir. 2010)(unpublished)("generally, governmental sub-units are not separable suable entities that may be sued under § 1983") and *Aston v. Cunningham*, 2000 WL 796086, *4 n.3 (10th Cir. June 21, 2000)(unpublished)(stating that jail would be dismissed "because a detention facility is not a person or legally created entity capable of being sued"). Therefore, the defendant jail is subject to dismissal from this action.

"Individual liability under § 1983 must be based on personal involvement in the alleged constitutional violation." *Foote v. Spiegel*, 118 F.3d 1416, 1423 (10th Cir. 1997). Therefore, a plaintiff must plead that each defendant, through that defendant's own actions, has violated the plaintiff's constitutional rights. *Ashcroft*, 556 U.S. at 676. The plaintiff must plead an affirmative link between the alleged violations and the defendant's acts or omissions. *Serna v. Colorado Dept. of Corrections*, 455 F.3d 1146, 1151-52 (10th Cir. 2006).

"Section 1983 does not authorize liability under a theory of *respondeat superior*, i.e. vicarious liability." *Schneider v. City of Grand Junction Police*, 717 F.3d 760, 767 (10th Cir. 2013) (citation omitted). Therefore, merely identifying a defendant as having supervisory authority is insufficient to hold that person liable under § 1983. *Grimsley v. MacKay*, 93 F.3d 676, 679 (10th Cir. 1996).

Accordingly, defendants Welch and Lawson are subject to dismissal from this action unless plaintiff identifies personal participation by these defendants. Plaintiff will be given the opportunity to amend the complaint [1] to plead their personal

---

[1] In order to add claims, significant factual allegations, or change defendants, a plaintiff must submit a complete amended complaint. *See* Fed. R. Civ. P. 15. An amended complaint is not simply an addendum

participation.

IT IS, THEREFORE, BY THE COURT ORDERED the Finney County Jail is dismissed from this action.

IT IS FURTHER ORDERED plaintiff is granted to and including **November 12, 2020,** to show cause why defendants Welch and Lawson should not be dismissed from this matter. In the alternative, plaintiff may submit an amended complaint on or before **November 12, 2020,** to specifically identify the personal participation of these defendants.

**IT IS SO ORDERED.**

DATED:  This 29th day of October, 2020, at Topeka, Kansas.

S/ Sam A. Crow

SAM A. CROW
U.S. Senior District Judg

---

to the original complaint, and instead completely supersedes it. Therefore, any claims or allegations not included in the amended complaint are no longer before the court. It follows that a plaintiff may not simply refer to an earlier pleading, and the amended complaint must contain all allegations and claims that a plaintiff intends to pursue in the action, including those to be retained from the original complaint. Plaintiff must write the number of this case (18-3227-SAC) at the top of the first page of his Amended Complaint, and he must name every defendant in the caption of the Amended Complaint. *See* Fed. R. Civ. P. 10(a). Plaintiff should also refer to each defendant again the body of the complaint, where he must allege facts describing the unconstitutional acts taken by each defendant including dates, locations, and circumstances. Plaintiff must allege sufficient facts to show a federal constitutional violation.